TERRELL SEWERAGE CO. v. STILES et ux. (No. 7360.)†

(Court of Civil Appeals of Texas. Dallas. May 22, 1915. Rehearing Denied June 26, 1915.)

1. PLEADING &wrt;236—AMENDMENT AT TRIAL—DISCRETION OF COURT—DENYING CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries caused by defendant's negligence, where the answer pleaded contributory negligence, it was within the discretion of the trial court to permit plain-

tiffs at the trial to amend their petition so as to deny contributory negligence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. ☞236.]

2. CONTINUANCE ☞30 — SURPRISE—AMENDMENT OF PLEADINGS.

Where the petition was amended at the trial to deny contributory negligence which had been pleaded by defendant's answer, defendant was not entitled to a continuance on the ground of surprise without a showing as to what witnesses it would call if given time or what facts it desired particularly to establish.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. ☞30.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by B. F. Stiles and wife against the Terrell Sewerage Company. Judgment for the plaintiffs, and defendant appeals. Affirmed.

Robt. L. Warren and Bond & Bond, all of Terrell, for appellant. S. J. Osborne, of Kaufman, and Bumpass & Crumbaugh, of Terrell, for appellees.

RAINEY, C. J. Appellees, Stiles and wife, sued the appellant to recover damages sustained by them. The petition alleges that on the 6th day of August, 1913, the Terrell Sewerage Company constructed a sewer ditch on the east side of Rockwall avenue, in the city of Terrell, which was about 400 feet in length, 18 inches wide, and about 4 feet deep; that appellant negligently and wrongfully excavated the said ditch on Rockwall avenue, and left the same uncovered, unprotected, and exposed, with no bars, barriers, lanterns, guard rails, or other similar appliances along said ditch or trench to prevent persons traveling said street from falling into said ditch, and carelessly and negligently failed to keep any light at the said ditch or to give any warning or notice of the location or extent of the ditch, except that one lantern was placed at the north end of said ditch, which is alleged to have been badly smoked, painted, stained, or obscured by dirt or some other opaque substance which left said lantern almost wholly obscured; that on the night of August 6, 1913, that about the hour of 10 or 11 o'clock at night, when they were going to their home about 3 miles north of Terrell, and while traveling on North Rockwall avenue, and while appellees were driving their team in a careful and prudent manner, the animal on the east side and the wheels of their wagon on the east side suddenly and violently dropped into the open, uncovered south end of said ditch, and the sudden, violent jolt, jar, and fall caused by plaintiff's wagon dropping into said ditch threw both of said plaintiffs out of their said wagon with great force, precipitating them to the ground. Appellee B. F. Stiles alleged that by reason of said fall he was greatly bruised and injured; that the muscles, tendons and ligaments of his back, arms, legs, and body were badly strained, wrenched, and impaired; that he was violently ill, suffered great pain and distress from the fall and from his wounds, bruises, and injuries; he vomited freely, and was made very sick; and that he was prevented by his said injuries for five or six months from attending to his usual and ordinary work and duties. Appellee Bertha Stiles alleged that by reason of said wagon dropping into said ditch she was thrown from the wagon and fell with her full weight on and across some tiling or cement pipes that the defendant had left negligently lying on the east side of said ditch or trench; that she fell across the pipes or tiling upon her back; that she was pregnant at the time, and that by reason of said violent fall she was greatly injured and permanently hurt, shocked, and injured; that her body, back, eyes, and sides were bruised, lacerated, and torn; that she was made violently sick, and was threatened with a miscarriage; that her womb was dislocated and misplaced; that her head, spinal column, neck, and nervous system were seriously damaged and injured; that prior to her said injuries she had been a stout, healthy, strong, and able-bodied, woman, free from disease, able to perform all of her household duties and assist her husband in his labors on the farm, but that since receiving her said injuries she has suffered great physical pain, mental anguish, and that she has continued to do so ever since, and will continue to do so for the balance of her life; that since said injuries, and now, she suffers from constant pains in her back, womb, and organs of generation, also from frequent and intense headache, and that her nervous system was badly shocked and deranged by her said injuries; that she is in continuous distress in pain, in both mind and body, which has made her unable to properly care for and look after her children.

Appellant by its amended original answer denied that the ditch was 400 feet in length, 18 inches wide, and 4 feet deep; denied that the ditch or trench was located 15 or 20 feet from the east line of Rockwall avenue, and denied that on August 6, 1913, wrongfully and recklessly or negligently left any ditch on Rockwall avenue in an uncovered, unprotected, and exposed condition during the nighttime; denied that there were no barriers, bars, guard rails or other similar appliances placed along said ditch; denied that there were no lights placed along the ditch or trench to give warning of the location of said ditch and denied that the lantern was wholly insufficient to warn any one of the ditch. Appellant answered, denying specifically the allegation of appellees' petition and specially that appellees were guilty of contributory negligence.

The cause was submitted to the jury on special issues, and on return of their verdict judgment was entered for appellees for $1,-

000, from which this appeal is prosecuted by the Sewerage Company.

The evidence establishes all the essential allegations of plaintiff's petition.

[1, 2] The first and second assignments are grouped, and thereunder is submitted the following proposition:

"To recover for injuries received through contributory negligence of the injured parties it is necessary that the injured parties should allege or deny the plea of contributory negligence. Appellant having specially pleaded contributory negligence before appellee could recover, the special plea of contributory negligence must be denied, or else such plea shall be taken as confessed."

The appellant presented exceptions to the petition on the ground that it did not allege that the appellees used ordinary care to prevent the injuries, nor did it allege the earning capacity of B. F. Stiles at the time the accident occurred, which exceptions were overruled by the court. The appellant then moved that its answer of contributory negligence, not having been denied by plaintiffs, be taken as confessed, and that the testimony of the witnesses adduced up to that time be stricken out, which motion was overruled, to which the appellant excepted. Then appellees were allowed to file a trial amendment, denying the answer alleging contributory negligence. Thereupon appellant moved a continuance on the ground of surprise, which was overruled.

The third and fourth assignments of error are based upon the foregoing proceedings. We cannot see that any harm resulted to appellant by the action of the court as stated. It was within the discretion of the court to allow an amendment of the petition after trial began, and there is no reason given why the continuance should have been granted after the amendment, even if we should hold that it was necessary for plaintiffs to deny the allegation of contributory negligence. We do not see how the appellant could have been surprised, for it had pleaded contributory negligence and it was expected that it would be prepared with such witnesses as it had to establish that defense. It stated the names of none of the witnesses whom they expected to have there if time was given, nor any fact it could prove if granted a continuance. The assignments are overruled.

Assignments 5, 6, 7, 9, and 20 relate to the admission of evidence of various witnesses. The evidence relates to the appearance and condition of Mrs. Stiles after the accident, to her ability to work, etc., and to her nervousness. These witnesses showed their knowledge of what they testified to, and if there was any error it was harmless.

The twelfth assignment is answered in treating assignments 3 and 4.

The other assignments relate to the charge of the court and special charges refused. We believe that the charge of the court fully presented all material issues necessary for the protection of the rights of appellant, and that no harm resulted in not giving the charges requested and refused.

The judgment is affirmed.